UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAVON LAMPKINS,

    Plaintiff,

    v.     CAUSE NO. 3:23-CV-528-DRL-MGG

KRANICK, LIAM, LIVER, ALLEN,

    Defendants.

OPINION AND ORDER

Lavon Lampkins, a prisoner without a lawyer, filed a vague one-paragraph complaint alleging he was placed in a dirty cell in 2021 and now requires anal surgery. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lampkins alleges Officer Kranik placed him in a dirty cell on March 16, 2021. He alleges that after he used soap to clean the blood and puss from the cell, he later developed a knot on his anus. He alleges he has bloody-puss discharge from his rectum. He says he needs surgery but has not received it. In addition to Officer Kranik, the

complaint names Dr. Liam, Ms. Liver, and Nurse Allen as defendants. It does not explain how any of them were involved.

Mr. Lampkins speculates his current medical condition is related to his cleaning the dirty cell in March 2021, but he has not alleged facts from which that can be plausibly inferred. The mere fact that he cleaned blood and puss from his cell with soap is not sufficient to adequately allege a causal link to his anal problems. The complaint does not allege facts from which it can be inferred that Officer Kranik was deliberately indifferent to a serious risk of harm by allowing him to clean the cell. The complaint does not state a claim against the three medical defendants because he says nothing about what medical treatment he has been provided, how any of them were involved, or why he believes he needs different treatment than he is receiving.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a

few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Lampkins believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lavon Lampkins until **July 13, 2023**, to file an amended complaint; and

(2) CAUTIONS Lavon Lampkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 12, 2023                                        *s/ Damon R. Leichty*
                                                                                          Judge, United States District Court