UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAVON LAMPKINS,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-528-DRL-MGG

KRANICK, LIAM, LIVERS, and ALLEN,

    Defendants.

OPINION AND ORDER

Lavon Lampkins, a prisoner without a lawyer, filed a motion asking to file an amended complaint. ECF 18. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). Mr. Lampkins has filed seven prior complaints in this case, but none have yet been screened. ECF 1, 5, 6, 8, 9, 11, and 13. There is no reason not to permit him to file an eighth complaint which he assures the court will be "the final complaint." ECF 18 at ¶ 7.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lampkins alleges he asked Officer Kyle Kranick for cleaning supplies when he was placed in a new cell on March 16, 2021.[1] The officer said he would provide them, but did not. Hours later, while Officer Kranick was passing out meal trays, Mr. Lampkins asked again and showed him the dirty rags he had used with a bar of soap to clean the cell. Officer Kranick refused to stop distributing meals to go get cleaning supplies. It is unclear if or how Mr. Lampkins got additional cleaning supplies.

Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (quotation marks and citation omitted). The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). To state a claim premised on failure to protect from dangerous conditions, an inmate must allege that a defendant knowingly disregarded an objectively serious risk to his health and safety. *See id.* at 837. "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotations and citations omitted).

---

[1] This claim appears untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Mr. Lampkins did not sign his original complaint until May 21, 2023. ECF 1 at 4. Because he does not state a claim against Officer Kranick for the events on March 16, 2021, it is unnecessary resolve this question.

2

The allegations in this complaint do not plausibly allege that Officer Kranick had actual knowledge of a serious risk to Mr. Lampkins' health and safety. "The best way to prevent the spread of infections and decrease the risk of getting sick is by washing your hands with plain soap and water, advises the Centers for Disease Control and Prevention (CDC)." U.S. Food and Drug Admin., https://www.fda.gov/consumers/if-soap-and-water-are-not-available-hand-sanitizers-may-be-good-alternative. Mr. Lampkins had soap and rags with which he worked to clean his cell. Though the cell may have still been dirty, Officer Kranick would have had no reason to believe he was exposing Mr. Lampkins to an objectively serious risk by leaving him there without immediately giving him additional cleaning supplies.

Mr. Lampkins alleges he saw Nurse Dorothy Livers for a rash on March 22, 2021.[2] She prescribed Flagyl, an antibiotic used to treat skin infections. National Library of Medicine, Metronidazole, https://medlineplus.gov/druginfo/meds/a689011.html. He alleges it did not work and the rash developed into a large boil. There is no indication Nurse Livers saw him again until a year later.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a

---

[2] This claim also appears untimely. Because it does not state a claim, it is unnecessary to resolve this question.

3

medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

It is unfortunate the antibiotic did not work, but Nurse Livers did not deny Mr. Lampkins adequate medical care when she prescribed it for his rash. Prescribing an antibiotic was not a substantial departure from accepted professional medical practices. It is unclear what happened for the year after he took this antibiotic, but the complaint does not plausibly allege Nurse Livers violated Mr. Lampkins' constitutional rights during that time.

Mr. Lampkins alleges he next saw Nurse Livers on March 22, 2022, and showed her the boil which was draining bloody pus. The complaint does not explain what medical treatment he received, but it also does not allege he was denied treatment either. The complaint's explanation is too vague to plausibly infer that Nurse Livers denied him adequate medical treatment that day.

Mr. Lampkins alleges Nurse Livers cleaned and bandaged the boil on March 30, 2022. He alleges the bandage was leaking and Nurse Livers would not change the bandage for a day and a half. He alleges another nurse then changed it. He alleges he was in pain. In his declaration, he says he was prescribed extra strength Tylenol, but is unclear when. ECF 19-2 at 2. What is clear is that the allegations about what Nurse Livers did or did not do on March 30 and 31 are too vague to state a claim.

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's

4

> prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotations and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotations and citation omitted). This complaint does not plausibly allege that Nurse Livers denied Mr. Lampkins adequate medical treatment on March 30 or 31, 2022.

Mr. Lampkins alleges Nurse Sandra Allen changed his bandage, but he does not say when. He alleges she refused to change his bandage, but he does not say when or what happened as a result. These allegations are too vague to plausibly infer that Nurse Allen denied him constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Mr. Lampkins alleges he saw Dr. Andrew Liaw on January 26, 2023. Dr. Liaw told him he would order pain medication, antibiotics, and clean dressings. He alleges he never received any of them. The complaint does not allege Dr. Liaw did not order this treatment, only that he did not receive it. It is unclear what happened, but the complaint does not plausibly allege that Dr. Liaw denied him adequate medical treatment.

Mr. Lampkins alleges he wrote to Nurse Livers and Nurse Bridegroom asking about the treatment Dr. Liaw prescribed, but got no answer. Based on the complaint, it sounds like Mr. Lampkins received no medical treatment, but his grievances make clear that is not true. In them, he says he had surgery at a hospital on February 1, 2023 – less than a week after his appointment with Dr. Liaw. ECF 19-3 at 1 and 3. The complaint does not plausibly allege these nurses' failure to respond denied Mr. Lampkins adequate treatment.

Mr. Lampkins also filed a motion seeking a preliminary injunction. ECF 19. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Mr. Lampkins has no chance of success on the merits because his complaint does not state a claim.

If Mr. Lampkins believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Mr. Lampkins files an amended complaint, he needs to explain what treatment he has received and who has provided it. It is insufficient to merely allege that a defendant did not provide him a specific treatment on a particular occasion. Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), or to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . . ." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 18);

(2) DIRECTS the clerk to separately docket the amended complaint (ECF 18-1);

(3) DENIES the motion for a preliminary injunction (ECF 19)

(4) GRANTS Lavon Lampkins until **November 30, 2023**, to file an amended complaint; and

(5) CAUTIONS Lavon Lampkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 27, 2023						*s/ Damon R. Leichty*
							Judge, United States District Court